**COFFEY KAYE MYERS & OLLEY**
**BY: RUDOLPH V. DE GEORGE, II, ESQUIRE**
**IDENTIFICATION NO.: 50402**
**Suite 718, Two Bala Plaza**
**Bala Cynwyd, PA 19004** ***Attorney for Plaintiff***

**UNITED STATES DISTRICT COURT FOR THE**
**EASTERN DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| **NAZIM WHITEMAN**<br>141 Northslope II Road<br>East Stroudsburg, PA 18302<br><br>Plaintiff,<br><br>v.<br><br>**LIBERTY MUTUAL INSURANCE COMPANY**<br>175 Berkeley Street<br>Boston, Massachusetts 02116<br><br>Defendant. | : | CIVIL ACTION<br><br>JURY TRIAL DEMANDED<br><br>NO. |

## COMPLAINT

1. Plaintiff, Nazim Whiteman ("Plaintiff"), by and through his undersigned counsel, Coffey Kaye Myers & Olley, files this Complaint against Defendant Liberty Mutual Insurance Company ("Liberty Mutual" or "Defendant"), and avers as follows:

## PARTIES

1. Plaintiff, Nazim Whiteman, is an adult individual residing at 141 Northslope II Road, East Stroudsburg, PA 18302.

2. Defendant, Liberty Mutual Insurance Company (hereinafter "Liberty Mutual") is, upon information and belief, a New Hampshire corporation with its principal place of business at 175 Berkeley Street, Boston, Massachusetts 02116, and is authorized to issue automobile

insurance policies in the Commonwealth of Pennsylvania and regularly conducts business in the Eastern District of Pennsylvania.

3. At all times material hereto, Liberty Mutual issued and administered the automobile insurance policy and first party medical benefits coverage at issue in this action.

**JURISDICTION AND VENUE**

4. This Court has subject-matter jurisdiction over this civil action under 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between Plaintiff, a citizen of Pennsylvania, and Defendant, a corporation incorporated in New Hampshire, with its principal place of business in Massachusetts, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. Venue is proper in the Eastern District of Pennsylvania under 28 U.S.C. § 1391(b) because Defendant regularly conducts business in the Eastern District of Pennsylvania.

6. The amount in controversy exceeds $75,000.00, exclusive of interest and costs, because Plaintiff seeks unpaid policy benefits, statutory interest, attorney fees, punitive damages, and other relief authorized by law.

**FACTUAL ALLEGATIONS**

7. On or about May 22, 2026, Plaintiff was involved in a motor vehicle accident in the State of New York and sustained bodily injuries requiring medical evaluation and treatment.

8. At the time of the accident, Plaintiff was an insured and/or an eligible claimant under an automobile insurance policy issued by Liberty Mutual, Policy No. AOV28196401970 which is attached hereto as Exhibit "A".

9. The policy provided first party medical expense benefits under the Pennsylvania Motor Vehicle Financial Responsibility Law ("MVFRL"), 75 Pa.C.S. §§ 1701 *et seq.*

10. Plaintiff timely notified Liberty Mutual of the accident and claim and cooperated with Liberty Mutual's reasonable requests for information.

11. Plaintiff received reasonable and necessary medical treatment for injuries causally related to the accident and incurred covered medical expenses.

12. Plaintiff and/or his medical providers submitted medical bills, records, proofs of loss, and supporting documentation to Liberty Mutual for payment under the first-party benefits coverage.

13. Liberty Mutual possessed, or had ready access to, information sufficient to evaluate the claim and determine its obligation to pay covered benefits.

14. Beginning on or about June 1, 2026 through November 8, 2026, Plaintiff submitted medical bills for treatment for injuries sustained in the motor vehicle accident to Liberty Mutual but was advised by Liberty Mutual that "potential reimbursement to the submitted Bill has been delayed pending the resolution of the issue(s) outlined below", with one of the identified issues "our investigation of the eligibility of the claim is ongoing". See "Verification Request-First Request" Forms attached hereto as Exhibit "B".

15. On June 11, 2026, Liberty Mutual sent a letter to the Plaintiff which is attached hereto as Exhibit "C" advising that it reserved its right to deny or limit coverage while it continued investigating the claim.

16. On July 2, 2026, Liberty Mutual retained Callihan & Smith LLP as counsel, who sent a letter to the Plaintiff which is attached hereto as Exhibit "D" requesting an Examination Under Oath as required by the policy.

17. On August 5, 2026, Plaintiff submitted to an Examination Under Oath (EUO) required by Liberty Mutual under the terms of the policy wherein he gave detailed testimony

about, *inter alia,* the accident, his injuries, and medical treatment; his purchase and occupancy of his residence in Pennsylvania; the registration of his vehicles; and his job status.

18. On October 12, 2026, after the EUO of the Plaintiff insured was conducted, Plaintiff received a letter from counsel for Liberty Mutual which is attached hereto as Exhibit "E" (dated August 31, 2026, but admittedly by Liberty Mutual counsel never sent until October 12, 2026- see email attached hereto as Exhibit "F"), requesting additional records to verify Plaintiff's claim arising from the May 22, 2026 loss.

19. In the letter, Liberty Mutual did not identify a specific coverage issue, nor did Liberty Mutual demonstrate a reasonable nexus between an issue under investigation and the information sought.

20. Instead, Liberty Mutual in the letter requested EZ Pass records for the household's 2004 Ford Explorer, 2017 Honda Accord, and 2024 Acura MDX; maintenance records for each of those vehicles for the three years before May 22, 2026; and the insureds' federal/state tax returns for 2023, 2024, and 2025.

21. On October 15, 2026, Plaintiff forwarded a letter to Liberty Mutual which is attached hereto as Exhibit "G" contending that its demands were not reasonable requests necessary to investigate a claim, exceed the legitimate purpose of a cooperation clause, constitute an invasion of privacy, and requests that Liberty Mutual provide payment for all outstanding medical bills and wage loss claims within thirty (30) days.

22. Despite receipt of the claim materials, including the police report, medical records, and the transcript of plaintiff's Examination Under Oath, and a demand for payment, Liberty Mutual failed and refused to pay all covered first party medical benefits when due, and instead denied and withheld payment.

23. Liberty Mutual has failed to provide a reasonable, timely, and adequately supported explanation identifying the specific policy language, medical evidence, or the factual basis for withholding the benefits at issue.

24. Plaintiff has satisfied all conditions precedent to suit, or such conditions have been performed, waived, excused, or rendered futile by Defendant's conduct.

25. The unpaid medical treatment was medically necessary, reasonable, causally related to the accident, and covered by the Liberty Mutual policy and the Pennsylvania MVFRL.

26. The amount of medical bills between June 1, 2026 and November 8, 2026, for which Liberty Mutual has refused to pay totals $23,304.97 and is ongoing.

27. As a direct and proximate result of Defendant's conduct, Plaintiff has sustained damages, including unpaid medical benefits, interest, costs, and attorney fees.

## COUNT I

## BREACH OF CONTRACT

28. Plaintiff hereby incorporates Paragraphs 1 through 27 as though fully set forth at length herein.

29. The Liberty Mutual policy is a valid and enforceable contract between Defendant and its insureds and eligible claimants, including the Plaintiff.

30. Plaintiff performed his obligations under both the policy and Pennsylvania law.

31. Liberty Mutual was obligated to adjust the claim in good faith and to pay covered first party medical benefits when due.

32. Liberty Mutual materially breached the contract and the policy by failing and refusing to pay covered benefits.

33. As a direct and proximate result of that breach, Plaintiff has sustained contractual damages in an amount to be established through discovery and at trial.

**WHEREFORE,** Plaintiff, Nazim Whiteman, respectfully requests judgment against Defendant, Liberty Mutual Insurance Company, in an amount in excess of $75,000.00, exclusive of interest and costs, for unpaid first party benefits, contractual damages, interest, costs, attorney fees where recoverable, and such other relief as the Court deems just and proper.

## COUNT II

## OVERDUE FIRST PARTY BENEFITS
## 75 Pa.C.S. § 1716

34. Plaintiff hereby incorporates Paragraphs 1 through 33 as though fully set forth herein.

35. Under 75 Pa.C.S. § 1716, first party benefits are payable as the loss accrues and, if not paid within thirty days after the insurer receives reasonable proof of the amount of the benefits, become overdue.

36. The first party medical benefits at issue became overdue when and because Liberty Mutual did not pay them within the time required by law after receiving reasonable proof of the covered loss.

37. Overdue benefits bear interest at the rate of twelve percent per annum under 75 Pa.C.S. § 1716.

38. Liberty Mutual acted without a reasonable foundation and basis in refusing payment, entitling Plaintiff to reasonable attorney's fees under 75 Pa.C.S. § 1716.

**WHEREFORE,** Plaintiff requests judgment in an amount in excess of $75,000.00, exclusive of interest and costs, for all overdue first party benefits, twelve percent annual statutory interest, reasonable attorney fees, costs, and such other relief as the Court deems just and proper.

## COUNT III

## STATUTORY BAD FAITH
## 42 Pa.C.S. § 8371

39. Plaintiff hereby incorporates Paragraphs 1 through 38 as though fully set forth at length herein.

40. This action arises under an insurance policy within the meaning of 42 Pa.C.S. § 8371.

41. At all times material hereto, Liberty Mutual owed Plaintiff a duty to investigate, evaluate, and adjust his first-party benefits claim promptly, fairly, objectively, and in good faith.

42. Liberty Mutual lacked a reasonable and factual basis for denying or delaying payment of covered benefits and knew of, or recklessly disregarded, its lack of a reasonable basis.

43. At all times material hereto, Liberty Mutual acted in bad faith by one or more of the following acts or omissions: failing to conduct a prompt and adequate investigation; failing to communicate a clear and reasonable coverage position; unreasonably delaying a decision; and compelling Plaintiff to institute litigation to obtain benefits due under the policy.

44. Liberty Mutual's conduct was not the result of mere negligence or mistake but constituted a knowing and reckless disregard of Plaintiff's rights under the policy as well as Pennsylvania law.

45. As a result of Defendant's bad faith, Plaintiff has incurred litigation expenses and attorney fees and is entitled all remedies authorized by 42 Pa.C.S. § 83a71.

**WHEREFORE,** Plaintiff requests that the Court enter judgment against Liberty Mutual and award damages in an amount in excess of $75,000.00, exclusive of interest and costs, including: (a) interest on the amount of the claim at the prime rate plus three percent from the date the claim was made; (b) punitive damages; (c) court costs and reasonable attorney's fees; and (d) such other relief as the Court deems just and proper.

Respectfully submitted,

**COFFEY KAYE MYERS & OLLEY**

By: ______________________________

RUDOLPH V. DE GEORGE, II, ESQUIRE
Suite 718, Two Bala Plaza
Bala Cynwyd, PA 19004
Telephone: 610-668-9800
Facsimile: 610-667-3352
Attorney for Plaintiff Nazim Whiteman